STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
BLAKE R. BERTAGNA (SB# 273069)
blakebertagna@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, California 92626-1924
Telephone: 1(714) 668-6200
Facsimile: 1(714) 979-1921

Attorneys for Defendant
EDWARDS LIFESCIENCES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERVINDER SINGH MIGLANI, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARDS LIFESCIENCES, LLC, a Limited Liability Company; CINDY P. NO, an individual and DOES 1-25, inclusive, <br><br> Defendants. | CASE NO. <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441 AND 1446; DECLARATION OF KAREN NAPIER IN SUPPORT THEREOF** |

NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF TERVINDER SINGH MIGLANI AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, defendant Edwards Lifesciences LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. Removal is based upon the following grounds:

**PLEADINGS, PROCESS, AND ORDERS**

1. On, February 8, 2017, plaintiff Tervinder Singh Miglani ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California for the County of Orange, entitled: *"Tervinder Singh Miglani, an individual, Plaintiff, v. Edwards Lifesciences, LLC, a Limited Liability Company; Cindy P. No, an individual and Does 1-25, inclusive, Defendants,"* and designated as Case No. 30-2017-00902153-CU-WT-CJC (the "Complaint"). The Complaint alleges the following causes of action against Defendant: (1) Retaliation and Wrongful Termination in Violation of Public Policy Against Defendant Edwards Lifesciences, LLC and Does 1-5; (2) Retaliation in Violation of the Dodd-Frank Act Against Defendant Edwards and Does 1-5; and (3) Defamation Against Defendants Cindy P. No, Edwards Lifesciences, LLC and Does 1-5. A true and correct copy of the Complaint and Summons is attached hereto as Exhibit "A."

2. On February 10, 2017, the summons and complaint were served on Defendant. Declaration of Karen Napier, ¶ 2, attached hereto as Exhibit "B".

- 1 -  NOTICE OF REMOVAL OF CIVIL ACTION

The Complaint is the initial and only pleading served on Defendant setting forth the claims for relief against Defendant upon which this action may be removed. *Id.* Therefore, this notice of removal is being timely filed pursuant to 28 U.S.C. section 1446(b).

3. On March 7, 2017, Defendant answered Plaintiff's Complaint. A true and correct copy of the Answer is attached hereto as Exhibit "C."

4. The Summons, Complaint, and Answer to the Complaint constitute all process, pleadings, and orders served on or by Defendant in this action.

5. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that by written notice a copy of this notice of removal and all supporting papers were promptly served on Plaintiff's counsel and will be filed with the clerk of the Orange County Superior Court. True and correct copies of the form of said notices are attached hereto as Exhibits "D" and "E," respectively. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

6. Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the superior court where the removed case was pending is located within this district.

## REMOVAL BASED ON EXISTENCE OF A FEDERAL QUESTION

7. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. §

LEGAL_US_W # 89026878.1

1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331.

### A. The Alleged Violation of Federal Law.

8. This Court has federal question jurisdiction because Plaintiff's Complaint arises from an alleged violation of the Dodd–Frank Wall Street Reform and Consumer Protection Act ("Dodd–Frank"), 15 U.S.C. § 78u-6(h). Specifically, Plaintiff alleges, in part:

   a. During his employment with Defendant, "Plaintiff was assigned to take over monitoring company compliance with Dodd Frank Act, Conflict Minerals vetting and reporting process as required by the SEC rules and regulations." Complaint, ¶ 7.

   b. "Companies traded on the U.S. Stock Exchange are required to conduct due diligence assessments of their supply chains and disclose the presence of such conflict minerals." *Id.*

   c. "While in the process of studying" Defendant's compliance, he "discovered gaps and inaccuracies in the supplier vetting and reporting process" and thereafter, "complained and objected to his supervisor about this serious potential problem and was terminated shortly thereafter for a false reason." *Id.*, ¶ 8.

   d. "[A] substantial motivating reason for his termination was retaliation due to his complaints and objections to his immediate manager; based on

his reasonable belief that Defendants were in violation of the Dodd-Frank Act (Conflict Minerals)." *Id.*, ¶ 9.

9. Based upon these allegations, Plaintiff pleads two causes of action that are explicitly grounded in the alleged violation of Dodd-Frank. The First Cause of Action "For Retaliation and Wrongful Termination in Violation of Public Policy" arises from Plaintiff's claim that he was terminated in violation of "[f]undamental public policies under the Dodd-Frank Ac" that "protect[] whistleblowers." *Id.*, ¶¶ 4-13. The Second Cause of Action is entitled: "For Retaliation in Violation of the Dodd-Frank Act." *Id.*, ¶¶ 14-15.

10. Accordingly, this action arises under the laws of the United States in that two of Plaintiff's three claims are expressly premised on the violation of a federal law, *i.e.*, Dodd-Frank.

### B. Plaintiff's Remaining Cause of Action Also Is Removable.

11. To the extent Plaintiff's state-law claim for defamation does not present a federal question under Dodd-Frank, pursuant to 28 U.S.C. section 1367(a), the Court has supplemental jurisdiction over such claim because it is transactionally related to Plaintiff's federal law causes of action. Since all of Plaintiff's claims arise from the same common nucleus of operative facts, all should be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over Plaintiff's entire Complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

- 4 -     NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 89026878.1

WHEREFORE, Defendant respectfully requests that the above-entitled action be removed from the Superior Court of the State of California for the County of Orange to this Court.

DATED: March 9, 2017

PAUL HASTINGS LLP

By: _____
STEPHEN L. BERRY

Attorneys for Defendant
EDWARDS LIFESCIENCES LLC

LEGAL_US_W # 89026878.1